UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| ALCIE TAYLOR,<br><br>    Plaintiff,<br><br>v.<br><br>SCHEER, GREEN AND BURKE, CO., L.P.A.,<br><br>    Defendant. | CIVIL COMPLAINT<br><br>CASE NO. 3:21-cv-01658<br><br>DEMAND FOR JURY TRIAL |

## COMPLAINT

NOW comes ALCIE TAYLOR ("Plaintiff"), by and through the undersigned attorney, complaining as to the conduct of SCHEER, GREEN AND BURKE, CO., L.P.A. ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. § 1692 *et seq.* for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C § 1692, 47 U.S.C § 227, 28 U.S.C. §§ 1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Defendant resides within the Northern District of Ohio and a substantial portion of the events or omissions giving rise to the claims occurred within the Northern District of Ohio.

### PARTIES

1

4. Plaintiff is a consumer over the age of 18.

5. Plaintiff is a natural "person" as defined by 47 U.S.C. § 153(39).

6. Defendant is a law office and third-party debt collector specializing in "collection and collections litigation."[1] Defendant claims that it has been "practicing collections law for 70 years."[2] Defendant's principal place of business located at 237 Spitzer Building, Toledo, Ohio.

7. Defendant is a "person" as defined by 47 U.S.C. § 153(39).

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

9. The instant action arises out of Defendant's attempts to collect upon a debt ("subject debt"), said to be owed by Plaintiff in connection with medical services Plaintiff received.

10. Upon information and belief, after Plaintiff's purported default, the subject debt was turned over to Defendant for collection purposes.

11. On or about July 20, 2021, Defendant sent a dunning letter to Plaintiff in an attempt to collect on the subject debt ("July letter").

12. The July letter was the first written communication Plaintiff received from Defendant in connection with the subject debt.

13. The July letter provided a "file number," provided the balance of the subject debt, and stated that the letter was "[r]egarding your account with: FOUCHER EMERG GRP LLC."

14. Thereafter, the July letter states "[t]he above mentioned account has been referred to this office for collection. The amount stated above is the current balance due."

---

[1] https://nationalcollectionattorneys.com/
[2] Ibid.

2

15. The remainder of the letter provides the disclosures required to be provided by debt collectors in their initial written communication with consumers pursuant to 15 U.S.C. §§ 1692e(11) and 1692g(a)(3)-(5).

16. No further information was provided as to the nature of the subject debt or any other information that would have allowed Plaintiff to go about intelligently addressing the subject debt.

17. The July letter similarly provided that payment was to be sent to Defendant.

18. Upon reviewing the July letter, Plaintiff became extremely confused and distressed as to the nature of the subject debt and whether this was a debt that was legitimately owed.

19. As an initial matter, the July letter fails to adequately advise Plaintiff of the current creditor to whom the subject debt is owed, as required by 15 U.S.C. § 1692g(a)(2).

20. Defendant's July letter does not clarify to whom the subject debt is owed nor who placed the subject debt with Defendant for collection.

21. Instead, the July letter merely states that it was sent in regards to an account associated with Foucher Emerg GRP LLC.

22. As a matter of fact, the July letter does not contain information about any creditor at all.

23. As such, Defendant's collection letter was misleading and confusing to Plaintiff, and is similarly misleading and confusing to the unsophisticated consumer, as it left Plaintiff guessing as to whom the subject debt was specifically owed.

24. Defendant's July letter further deprived Plaintiff of truthful, non-misleading information in connection with Defendant's collection efforts.

25. Frustrated and confused by the nature of Defendant's collection efforts, Plaintiff spoke with counsel, resulting in the accrual of expenses and expenditure of time.

26. Plaintiff has suffered concrete harm as a result of Defendant's conduct, including but not limited to emotional distress, deprivation of substantive and vital information in connection with Defendant's collection efforts, as well as harm and a risk of harm to Plaintiff's concrete interests under the FDCPA as Defendant's conduct deprived Plaintiff of being able to go about intelligently responding to Defendant's collection efforts – an underlying interest which is at the core of the FDCPA.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

27. Plaintiff repeats and alleges paragraphs 1 through 26 as though fully set forth herein.

28. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

29. Defendant is a "debt collector" as defined by § 1692a(6) of the FDCPA, because it regularly uses the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

30. Defendant is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others.

31. The subject debt is a "debt" as defined by FDCPA § 1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

    a. **Violations of the FDCPA § 1692e**

32. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

33. In addition, this section enumerates specific violations, such as:

> "The false representation of . . . the character, amount, or legal status of any debt . . . ." 15 U.S.C. § 1692e(2)(A).

4

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

34. Defendant violated 15 U.S.C. §§ 1692e, e(2)(A), and e(10) through its failure to clearly identify the creditor *to whom the subject debt was owed* in the July letter. The letter misled and deceived Plaintiff, and similarly misleads and deceives the unsophisticated consumer, as to the precise entity said to be owed the debt serving as the basis of Defendant's collection efforts. Defendant's July letter fails to inform Plaintiff as to the identity of the creditor *to whom a debt is owed* with the requisite clarity. Collection letters substantially similar to Defendant's have been found to violate the FDCPA as a matter of law. *Steffek v. Client Servs.,* 948 F.3d 761 (7th Cir. 2020).

    b. **Violations of FDCPA § 1692g(a)(2)**

35. The FDCPA, pursuant to 15 U.S.C. §1692g(a)(2), requires debt collectors to, in the initial written communication with a consumer, send the consumer a written notice which contains "the name of the creditor to whom the debt is owed."

36. Defendant violated § 1692g(a)(2) through its failure to clearly identify the creditor to whom the subject debt was owed. At no point does the July letter identify who the *current* creditor is, nor does Defendant provide any information about the originator of the subject debt or otherwise clarify how the debt wound up in its hands for collection. Instead, Defendant's July letter impermissibly leaves Plaintiff guessing as to whether Defendant is the creditor *to whom the subject debt is owed.* Such conduct violates the FDCPA as a matter of law.

WHEREFORE, Plaintiff ALCIE TAYLOR respectfully requests that this Honorable Court enter judgment in his favor as follows:

    a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

    b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. § 1692k(a)(2)(A);

    c. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. § 1692k(a)(3);

    d. Enjoining Defendant from further contacting Plaintiff; and

    e. Awarding any other relief as this Honorable Court deems just and appropriate.

**Plaintiff demands trial by jury.**

Dated: August 25, 2021　　　　　　　　　　　Respectfully Submitted,

　　　　　　　　　　　　　　　　　　　　　/s/ Nathan C. Volheim
　　　　　　　　　　　　　　　　　　　　　/s/ Eric D. Coleman
　　　　　　　　　　　　　　　　　　　　　Nathan C. Volheim, Esq.
　　　　　　　　　　　　　　　　　　　　　Eric D. Coleman, Esq.
　　　　　　　　　　　　　　　　　　　　　*Counsel for Plaintiff*
　　　　　　　　　　　　　　　　　　　　　Sulaiman Law Group, Ltd.
　　　　　　　　　　　　　　　　　　　　　2500 South Highland Avenue, Suite 200
　　　　　　　　　　　　　　　　　　　　　Lombard, IL 60148
　　　　　　　　　　　　　　　　　　　　　Telephone: (630) 575-8181
　　　　　　　　　　　　　　　　　　　　　nvolheim@sulaimanlaw.com
　　　　　　　　　　　　　　　　　　　　　ecoleman@sulaimanlaw.com